# THE PEOPLE OF THE STATE OF NEW YORK ex rel. CORNELIUS E. KENE v. FREDERIC P. OLCOTT, COMPTROLLER OF THE STATE OF NEW YORK.

*Chap.* 193 *of* 1876 — *unconstitutionality of — Power of legislature to grant extra compensation to clerks — Mileage.*

So much of chapter 193 of 1876 as provides that the clerks of the committees of the senate and assembly shall be entitled to receive the *per diem* allowance prescribed by chapter 112 of 1875, from the first day of the session to the day on which they were appointed, is unconstitutional.

So much of the said act as provides that they shall receive the same mileage as allowed to members of the legislature is constitutional and valid.

THIS is a case submitted under section 372 of the Code of Procedure.

The relator was appointed clerk of the judiciary committee of the senate on January 14, 1876, and continued to act as such to the end of that session. The session began on the 4th January, 1876. He has been paid at the rate of seven dollars per day for every day he was clerk, and now claims to be entitled to pay also for the eleven days of the session before his appointment, and also mileage under chapter 193 of 1876.

Chapter 112, Laws of 1875, is entitled "An act to amend an act prescribing the officers and employes that may be elected or employed by the senate and assembly," etc.

Section 3 of that act contains the following :

"§ 3. The following compensation shall be paid for the annual session of the legislature, commencing with the current session : * * * To the clerks of the committees of ways and means and judiciary, of the assembly, and the finance and judiciary of the senate, seven dollars per day, each ; * * * and no extra allowance shall be made to the officers and employes above named on any pretense whatever. * * * All appointments made under this act shall be entered on the journal of the house wherein they are so made ; such entry shall specify the date of the appointment, and the length of time the same is to be continued."

On the 1st of May, 1876, and more than three months after his appointment, chapter 193, Laws of 1876, was passed, which contained the following (p. 185) :

" For the clerks and messengers of the several committees of the senate and assembly of eighteen hundred and seventy-six, * * * to pay them their usual *per diem* allowance, from the first day of the session until the first day for which the comptroller has already allowed pay to them ; * * * and to the clerks of said committees, to each of them, the same mileage as allowed to members of the legislature, the sum of five thousand dollars, or so much thereof as may be necessary."

Section 24 of article 3 of the Constitution is as follows :

" The legislature shall not, nor shall the common council of any city, nor any board of supervisors, grant any extra compensation to any public officer, servant, agent or contractor,"

The respondent claims that the act of 1876 was unconstitutional, in so far as it attempted to grant a *per diem* allowance before the appointment of the relator, and also in so far as it granted mileage.

*Hand, Hale & Swartz,* for the relator.

*E. W. Paige,* deputy attorney-general, for the respondent.

LEARNED, P. J.:

I think that the relator is entitled to his mileage ; but that he is not entitled to a *per diem* allowance for the time before he was appointed. Chapter 112, Laws 1875, fixed his compensation at seven dollars per day, and forbade any extra allowance under any pretense whatever The Constitution forbids this also.

The Laws of 1876, chapter 193, ought not, therefore, to be construed as intended to give an extra compensation beyond the *per diem* allowance allowed by chapter 112 of Laws of 1875. If the legislature could thus give an extra compensation, under the name of a *per diem* allowance for ten days prior to the time when the relator was a clerk, they might give such *per diem* allowance for ten years before his appointment. Where one is compensated by the day, this compensation is measured by the number of days during which he is in the employment for which he is paid. Any thing beyond is a gratuity. Could the legislature give a public officer, for instance the governor, his salary for two years prior to the time when his office commenced ?

I think the relator should have judgment for his mileage only.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment ordered for the relator for mileage only.